UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SANDRA KING | CIVIL ACTION NO: 17-530 |
| VS | JUDGE SHELLY D. DICK |
| OUR LADY OF THE LAKE HOSPITAL, INC. | MAGISTRATE JUDGE ERIN WILDER-DOOMES |

### RULING

Before the Court is a *Motion in Limine*[1] by the Defendant, Our Lady of the Lake Hospital, Inc. ("Defendant" or "OLOL"), to Exclude the Testimony of Judy Shepard-Kegl, Ph.D. The *Motion* is opposed by the Plaintiff, Sandra King ("Plaintiff" or "King").[2] OLOL has filed a *Reply*.[3] For the reasons which follow, the *Motion*[4] shall be DENIED.

### I.  PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Sandra King is a profoundly Deaf individual who alleges that Defendant failed to provide her with adequate communication aids and services needed for her to communicate effectively during a five-day in-patient hospitalization at OLOL following heart valve replacement surgery and during two subsequent hospitalizations at OLOL. The remaining claims[5] arise under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 ("RA") and Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. §18116 ("ACA").

---

[1] Rec. Doc. 43
[2] Rec. Doc. 58.
[3] Rec. Doc. 66.
[4] Rec. Doc. 43.
[5] Claims under Title III of the Americans With Disability Act, 42 U.S.C. § 12181 ("ADA") and the Louisiana Human Rights Act ("LHRA"), La. R.S. § 51:2231 *et. seq.*, were previously dismissed by the Court. *See* Rec. Doc. 23; Rec. Doc. 41.

1

Ms. King communicates primarily in American Sign Language ("ASL") and has a very limited understanding of the English language. The Complaint[6] alleges that, on March 17, 2017, Ms. King was admitted to OLOL for heart valve replacement surgery. Plaintiff alleges that OLOL provided an in-person ASL interpreter during her pre- surgery operation meeting with the surgeon but, despite her request, she was not provided with an interpreter during the registration process or during her five-day post-operative hospitalization. Plaintiff alleges that she received no auxiliary aids until she was discharged from the hospital on March 21, 2017.

Plaintiff alleges during her post-operative hospitalization, OLOL staff attempted to communicate with her through lip-reading and hand-written notes, but she was unable to understand them. Plaintiff alleges that she

> went days following a major heart surgery without being able to communicate with her doctors or nurses, and without being able to understand the details of the procedure, whether and the extent to which the surgery was successful, or any details about her future prognosis and expected recovery. Ms. King was not notified that her heart stopped beating during the surgery and that the doctors had to use a defibrillator to shock her heart back into working. Ms. King was not notified about the new drugs she was being given after her surgery.[7]

Plaintiff alleges that one day after her return home from surgery, King returned to OLOL with "with complaints of a racing heart."[8] Her second hospitalization at OLOL lasted three days. She alleges that she and her surgeon requested an ASL interpreter to no avail, save a single time each day during this hospitalization. Several days later, King returned to OLOL for a third time, presenting to the Emergency Room with breathing

---

[6] Rec. Doc. 1.
[7] *Id.* at ¶14.
[8] *Id.* at ¶16.

2

difficulties. "[S]he was provided with a VRI during triage."[9] King alleges that during this third visit to OLOL, which lasted for three days, she underwent a procedure to drain her lungs but was not provided with an interpreter before, during or after the procedure. King alleges that "[she] felt confused, anxious, frustrated, isolated, and afraid. [She] did not know that her lungs were being drained. Rather, all she knew was that she was being put under anesthesia for a procedure, but what the procedure was, she had no idea."[10]

## II. MOTION IN LIMINE TO EXCLUDE THE OPINION TESTIMONY OF DR. SHEPARD-KEGL

OLOL files the identical Motion to exclude Shepard-Kegl that it filed in a related case on this Court's docket (hereinafter the related case will be referred to as "*Laboulliere*").[11] Plaintiff filed the identical Opposition Memo that was filed in *Laboulliere* and OLOL filed an identical Reply Memo.[12] The Court denied Plaintiff's identical *Motion in Limine* to exclude Shepard-Kegl in *Laboulliere*.[13] The Court denies the instant Motion for the same reasons. The Court adopts and incorporates its *Ruling*[14] in *Laboulliere*, and for the same reasons stated therein, the Defendant's *Motion in Limine to Exclude the Testimony of Judy Shepard-Kegl, Ph.D.*[15] is DENIED.

---

[9] Rec. Doc. 1 ¶20.
[10] *Id.* at ¶21.
[11] *Laboulliere v Our Lady of the Lake Foundation, et. al.*, 3:2016 cv 00785 SDD-SDJ, Rec. Doc. 93.
[12] *Id.* (Rec. Docs. 109 and 117).
[13] *Id.* (Rec. Doc. 132).
[14] *Id.*
[15] Rec. Doc. 43.

**III.     CONCLUSION**

The Defendants' *Motion in Limine to Exclude the Testimony of Judy Shepard-Kegl, Ph.D.* (Rec. Doc. 43) is DENIED.

Signed in Baton Rouge, Louisiana on May 21, 2020.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**