# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

KING

CIVIL CASE NO.

VERSUS

17-530-SDD-SDJ

OUR LADY OF THE
LAKE HOSPITAL, INC.

## RULING

Defendant OLOL moved[1] to exclude opinion testimony of Jodi Prysock. The Court denied in part and granted in part[2] that Motion. OLOL now asks the Court to reconsider[3] and re-urges the Court to exclude Prysock's opinion testimony entirely.

In its Motion in Limine, OLOL argued that Prysock was unqualified to provide expert opinion and that her "her opinion is completely unreliable because it is not based on the application of scientific, technical, or specialized training or expertise held by Ms. Prysock".[4] OLOL further argues that Prysock's opinions are irrelevant and thus of no value to the trier of fact because the law requires actual knowledge of a communication breakdown and not negligence or failure to follow best practices[5]. Notably, OLOL argued the merits of Prysock's opinions in its Motion in Limine. It argued that Prysock's reliance on OLOL practices, policies and procedures was misplaced because, in OLOL's view, the

---

[1] Rec. Doc. 44
[2] Rec. Doc. 77
[3] Rec. Doc. 79.
[4] Rec. Doc. 44-1, p. 7.
[5] Rec. Doc. 44-1, p. 12.

1

law requires a showing of actual knowledge of a failure in communication and not negligence or failure to abide best practices.

In its Motion, OLOL voiced no objection to the fact that Prysock relied upon observations made in a site visit ordered by the Court in another case. OLOL voiced no objections to that fact that the policies and procedure evaluated by Prysock were redlined versions of the hospitals deaf communication policies.

For the first time in its Motion for Reconsideration, OLOL argues that Prysock's reliance materials are "inherently flawed" and therefore her opinion unreliable and inadmissible[6]. Specifically, for the first time, OLOL argues that the site visit relied upon by Prysock was "not done in this matter; rather, it was performed in a separate matter involving a request for preliminary injunction" and that the policy she reviewed "was incomplete and outdated".[7]

Plaintiff opposes reconsideration principally because OLOL "raises two completely new arguments in its motion for reconsideration [without any] explanation for why it did not raise these novel arguments in its original motion in limine or reply".[8]

## LAW AND ANALYSIS

District courts have considerable discretion in deciding whether to reconsider an interlocutory order.[9] In its discretion the Court can decline to consider arguments raised for the first time on reconsideration without adequate justification.[10]

---

[6] Rec. Doc. 79-1, p. 2.
[7] Rec. Doc. 79-1, p. 2-3.
[8] Rec. Doc. 85, p. 3.
[9] *Zapata Gulf Marine Corp. v. Puerto Rico Mar. Ship. Auth.*, 925 F.2d 812, 814-815 (5th Cir. 1991); *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 474-475. (M.D. La. 2002).
[10] *McClung v. Gautreaux,* Civ. A. No. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011).

In this case, OLOL offers no good reason why it did not challenge the underpinnings for Prysock's opinions in its Motion in Limine. For the first time, OLOL attempts to find succor in Federal Rule of Evidence 702's requirement that "the [opinion] testimony is based on sufficient facts or data".[11]  OLOL's failure to advance this fundamental argument in the first instance frustrates judicial efficiency and creates more work for the Court.  Notwithstanding the impact on judicial efficiency wrought by this failure of advocacy, the Court will address the argument.

The site visit and the policies reviewed by Prysock were the result of a Court mandate in another case[12] which presented the same legal issue, namely did OLOL provide the plaintiff with adequate communication aids and services under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("RA") and/or Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116 ("ACA").

On August 23, 2017, another division of this Court, held a hearing on a Motion for Preliminary Injunction in the matter of *Damian Francois v. Our Lady of the Lake Hospital*.[13] After taking some testimony, the Court ordered counsel for the parties in that case, who are the same counsel for the parties in this case,

> TO GET TOGETHER AND TO SCHEDULE A VISIT TO OUR LADY OF THE LAKE HOSPITAL WHERE PLAINTIFFS' COUNSEL CAN BE SHOWN AND DISCUSS AND EVALUATE THE OPERATIONS RELATING TO

---

[11] Fed. R. Evid. 702(b).
[12] *Labouliere v. Our Lady of the Lake Found.*, No. CV 16-785-SDD-SDJ, 2020 WL 1435156, Rec. Doc. 125 (M.D. La. Mar. 23, 2020).
[13] No. CV 17-393-SDD-SDJ, 2020 WL 6066167, Rec. Doc. 50 (M.D. La. Oct. 14, 2020)(Judge James J. Brady presiding).

PERSONS WITH HEARING AND OTHER DISABILITIES SUCH AS MR. FRANCOIS WOULD ENCOUNTER.

THE PLAINTIFFS WILL BE ALLOWED TO BE ACCOMPANIED BY AN EXPERT OR EXPERTS THAT WILL ASSIST THEM WITH THAT.

THE COUNSEL FOR OUR LADY OF THE LAKE WILL BE RESPONSIBLE FOR HAVING THE REQUISITE PERSONNEL FROM THE HOSPITAL THERE THAT CAN ANSWER THE QUESTIONS. THEY WILL DEMONSTRATE THE POLICIES AND THE PRACTICES OF THE HOSPITAL TO THE PLAINTIFFS AND WILL ANSWER WHAT QUESTIONS ARE NECESSARY. AFTER THAT VISIT AND MEETING IS CONCLUDED, IF THE COUNSEL HAVE NOT REACHED AN AGREEMENT, THEN I WILL SCHEDULE A FULL DAY OF WHEN WE CAN GO TO THE HEARING ON THIS MATTER.

ANY QUESTIONS? HAVE I MADE MYSELF CLEAR?

MR. WILLIAMS: JUDGE, JUST ONE POINT OF CLARIFICATION. WE WILL HAVE PEOPLE THERE PREPARED TO ASK QUESTIONS, BUT THIS WILL NOT BE A DEPOSITION LIKE QUESTIONS?

THE COURT: NO, NO. SAY, WHY DON'T YOU HAVE THIS SCREEN THAT'S BETTER, OR SOMETHING OF THAT SORT.

MR. BIZER: AND IF THEY COULD, IF THEY CAN SEND OVER WHATEVER LITERATURE THEY HAVE OR INTERNAL POLICIES AND PROCEDURES THAT WE CAN SEE IN ADVANCE OF HIS OR HER VISIT.

THE COURT: YOU CAN DO THAT IF YOU HAVE IT.

MR. BIZER: IN ADVANCE OF HIS OR HER VISIT.

THE COURT: AND I THINK THE REGS REQUIRE YOU TO HAVE THAT SOMEWHERE.

MR. WILLIAMS: HAPPY TO DO IT.[14]

Ms. Prysock participated in the site visit ordered by Judge Brady in the related case. OLOL produced the hospital's deaf communication policies and procedures in the related case. Now OLOL argues that Prysock's reliance on the site visit in the related case is insufficient because Prysock "review[ed] the modalities available at the time of the inspection [in the Francois case], not at the time of Ms. King's hospitalization."[15] The Court is unpersuaded. If the deaf communication modalities have changed then OLOL may offer evidence of those changes and cross-examine Prysock. OLOL further argues that Prysock's cannot rely upon information imparted at the site visit in the related case because it "was not a deposition. That is, no person from OLOL that was present during the inspection was under oath. No transcript or recording of the inspection was made."[16] OLOL argues that it is left in the "untenable position of having to challenge Ms. Prysock's veracity and her characterization of what was seen, done, and said during the inspection". Again, the Court is unpersuaded. OLOL employees were present, OLOL counsel's in this case was present. If Prysock misrepresents the facts and data gleaned at the site

---

[14] *Id.* at Rec. Doc. 53, p. 24-25.
[15] Rec. Doc. 19-1, p. 4.
[16] *Id.*

inspection that is a credibility issue, not a sufficiency of the data issue. Credibility can be tested by able cross-examination and countering testimony.

The *Motion for Reconsideration*[17] is DENIED.

Signed in Baton Rouge, Louisiana on November 10, 2020.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[17] Rec. Doc. 79.